Matthew A. Rosenthal, Esq. (SBN 279334)
Matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd., Suite 800
Los Angeles, CA  91436
T: (818) 200-1497; F: (818) 869-2208
Attorney for Plaintiff,
ANGELA MEJIA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ANGELA MEJIA,<br><br>            Plaintiff,<br><br>v.<br><br>SOUTHWEST LAW OFFICES,<br><br>            Defendant. | Case No.: 2:16-cv-473<br><br>**COMPLAINT**<br><br>**(Unlawful Debt Collection Practices)** |

ANGELA MEJIA (Plaintiff), by her attorneys, WESTGATE LAW, alleges the following against SOUTHWEST LAW OFFICES (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

4. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a business with offices in Los Angeles, California.

**FACTUAL ALLEGATIONS**

10. Since 2015, and specifically within one year prior to the filing of this action, Defendant contact and/or attempted to contact Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt" originally owed to someone other than Defendant.

11. In its attempts to collect an alleged debt from Plaintiff, Defendant constantly and consistently placed collection phone calls and text messages to Plaintiff at Plaintiff's cellular telephone ending in 0451.

12. When Defendant places calls to Plaintiff, the calls are listed as "private" on Plaintiff's caller ID.

13. In its attempts to collect the alleged debt, Defendant placed several collection calls to Plaintiff's mother and sister.

14. On several occasions, Plaintiff spoke with Defendant's representatives, informed

Defendant that the calls were harassing, and requested that Defendant cease placing collection calls Plaintiff, her mother, and her sister.

15. Despite Plaintiff's repeated requests to cease, Defendant continues to place multiple collection calls to both Plaintiff and her relatives on a daily basis, as well as text messages to Plaintiff's cellular telephone.

16. In or around January of 2016, Defendant placed a collection call to Plaintiff's cellular telephone and left a voicemail message.

17. In the voicemail message, Defendant failed to identify the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed in an attempt to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "A."

18. In the voicemail message, Defendant directed Plaintiff to return the call to 855-777-1978, which is a number that belongs to Defendant. *See* Exhibit "A."

19. In or around January of 2016, Defendant placed a collection call to Plaintiff's cellular telephone and left a second voicemail message.

20. In the second voicemail message, Defendant failed to identify the name of the company placing the call, failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed in an attempt to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "B."

21. In the voicemail message, Defendant directed Plaintiff to return the call to 855-777-1978, which is a number that belongs to Defendant. *See* Exhibit "B."

**FIRST CAUSE OF ACTION**
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

22. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's relatives in its attempts to collect an alleged debt;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

    d. Defendant violated §1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity;

    e. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, ANGELA MEJIA, respectfully requests judgment be entered against Defendant, SOUTHWEST LAW OFFICE, for the following:

23. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

25. Any other relief that this Honorable Court deems appropriate.

## SECOND CAUSE OF ACTION
**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone

  or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

 c. Defendant violated §1788.12(b) of the RFDCPA by communicating information regarding a consumer debt to Plaintiff's r prior to obtaining a judgment against Plaintiff;

 d. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Plaintiff, ANGELA MEJIA, respectfully requests judgment be entered against Defendant, SOUTHWEST LAW OFFICES, for the following:

28. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

29. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

30. Any other relief that this Honorable Court deems appropriate.

           RESPECTFULLY SUBMITTED,

DATED:  January 21, 2016    WESTGATE LAW

        By: /s/ Matthew A. Rosenthal
          Matthew A. Rosenthal
          Attorney for Plaintiff